J. SCOTT GERIEN, State Bar No. 184728
JOHN N. HEFFNER, State Bar No. 221557
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
JAM CELLARS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JaM Cellars, Inc., | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Federal Trademark Infringement** |
| Cult of 8, Inc., | 2. **Federal Unfair Competition** |
|  | 3. **California Unfair Competition** |
| Defendant. | 4. **California False or Misleading Statements** |
|  | 5. **Common Law Trademark Infringement** |
|  | 6. **Common Law Unfair Competition** |
|  | **DEMAND FOR JURY TRIAL** |

Plaintiff, JaM Cellars, Inc., for its complaint against Defendant, Cult of 8, Inc., alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200), the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and common law trademark infringement and unfair competition, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more

COMPLAINT                                                      1

fully set forth hereinafter. Plaintiff seeks permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff, JaM Cellars, Inc., is a California corporation with its principal place of business located at 1085 Thompson Street, Napa, California 94558.

3. Upon information and belief, Defendant, Cult of 8, Inc., is a California corporation with its principal place of business located at 475 Washington Street, Suite A, Monterey, California 93940.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

COMPLAINT 2

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff is the owner of the trademark BUTTER for wine, as well as the owner of the federal trademark registration for BUTTER for wine in International Class 33 (U.S. Trademark Registration No. 3,999,253), issued on July 19, 2011 with a constructive first use date of April 11, 2010. Plaintiff has also used the BUTTER mark on and in association with wine since as early as 2010.

9. Plaintiff's BUTTER Mark for wine is inherently distinctive as evidenced by the issuance of U.S. Trademark Reg. No. 3,999,253.

10. Plaintiff produces a California Chardonnay wine under the BUTTER mark, and Plaintiff offers this wine for sale to consumers in thirty-five states throughout the U.S., including the State of California. Since 2010, Plaintiff has sold over 390,000 bottles of BUTTER brand wine nationwide and Plaintiff's sales of its BUTTER wine have been in excess of $2,900,000. In 2013, Plaintiff produced 672,000 bottles of BUTTER brand wine with a retail value of over $5,600,000.

11. Plaintiff's BUTTER wine has been favorably reviewed, including a score of 88 points in the *Wine Spectator*.

12. As evidenced by Plaintiff's sales and recognition for its BUTTER wine, Plaintiff owns extremely valuable goodwill in its BUTTER mark for wine, and the mark has extraordinary financial value.

13. As a result of the wide, continuous distribution, promotion and sale of Plaintiff's BUTTER brand wine, the BUTTER mark has also acquired distinctiveness among wine consumers.

14. Plaintiff's BUTTER brand wine has a suggested retail price of sixteen dollars ($16) per bottle.

15. Upon information and belief, Defendant does business under the trade name Bread & Butter, and produces, among other varietals, a Chardonnay wine under the mark BREAD & BUTTER.

16. Upon information and belief, Defendant's Chardonnay wine is produced from California grapes.

17. Defendant's BREAD & BUTTER wine is produced and bottled by Defendant within this judicial district. The back labels of Defendant's various BREAD & BUTTER brand wines state "vinted and bottled by Bread & Butter Napa, California" indicating Defendant has the wine produced in Napa, California.

18. Upon information and belief, Defendant has sold and distributed, and continues to sell and distribute BREAD & BUTTER brand wine to various retailers that sell wine throughout the U.S. and in California, including in this judicial district. For example, Defendant's BREAD & BUTTER Chardonnay wine is currently listed for sale on the websites of several internet wine retailers, such as www.cornwallwines.com, www.wineguybuys.com, and www.midvalleywine.com. Upon information and belief, Defendant sells and distributes its wines to be sold in the ten dollar ($10.00) to twenty dollar ($20.00) price range.

19. Upon information and belief, Defendant adopted the BREAD & BUTTER mark after Plaintiff's adoption, use and registration of its BUTTER mark.

20. Defendant filed U.S. Trademark Application Serial No. 85/856,318 for the mark BREAD & BUTTER for wine in International Class 33 on February 21, 2013 (the "BREAD & BUTTER Application"), well after Plaintiff established its rights in the mark BUTTER. The BREAD & BUTTER Application was filed based on Defendant's intent to use of the mark in commerce, not actual use of the mark at the time of filing.

21. The BREAD & BUTTER Application was published for opposition by the Trademark Office on July 16, 2013, and Plaintiff has filed an Opposition against such trademark application in the USPTO Trademark Trial and Appeals Board.

22. On March 25, 2013, a Certificate of Label Approval from the U.S. Alcohol and Tobacco Tax and Trade Bureau was issued to Da Ve Winery, Inc. for a 2011 Chardonnay wine produced from California grapes and featuring the BREAD & BUTTER mark. The label proof submitted in connection with the application for such

label approval states "vinted and bottled by BREAD & BUTTER Napa, California," and upon information and belief, Da Ve Winery, Inc. obtained this Certificate of Label Approval at the direction of Defendant.

23. Defendant's BREAD & BUTTER trademark is confusingly similar to Plaintiff's BUTTER mark given that Defendant's BREAD & BUTTER mark encompasses and is highly similar in appearance, sound and connotation to Plaintiff's BUTTER mark, that the goods offered by Defendant under its BREAD & BUTTER mark are identical to the goods which Plaintiff offers under the BUTTER mark, namely Chardonnay wine made from California grapes, and Defendant's and Plaintiff's wines are offered at retail in the same price range of approximately U.S. ten dollars ($10.00) to twenty dollars ($20.00).

24. On or about July 16, 2013, Plaintiff learned of Defendant's BREAD & BUTTER Application and sent Defendant a letter requesting that it refrain from any use of the BREAD & BUTTER mark on wines. Plaintiff also requested that Defendant expressly abandon the BREAD & BUTTER Application.

25. By letter dated July 30, 2013, Defendant responded to these requests by asserting that, notwithstanding the mark's shared use of the term BUTTER, Defendant's mark was sufficiently distinct in appearance and sound from Plaintiff's mark and has a connotation different from Plaintiff's mark.

26. Plaintiff responded by letter dated August 28, 2013, providing its basis for disagreement with Defendant's position, and renewing its demand for cessation of use.

27. On October 23, 2013, Defendant further responded to Plaintiff's demand indicating its intent to continue use of the BREAD & BUTTER mark and threatening to seek cancellation of Plaintiff's trademark registration for BUTTER.

28. Upon information and belief, Defendant's wine bearing the BREAD & BUTTER mark continues to be sold in the market.

29. Defendant's use of the BREAD & BUTTER mark on wine is likely to confuse and mislead consumers into believing that Defendant's wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its well-established BUTTER wine.

COMPLAINT                                                     5

Plaintiff will be harmed by such confusion and Defendant will unjustly benefit from such association.

30. Defendant's infringing use of the BUTTER mark has unjustly increased the profitability of Defendant's BREAD & BUTTER brand to the detriment of Plaintiff and at no cost to Defendant.

31. Plaintiff will be further harmed as consumers will purchase Defendant's BREAD & BUTTER wine believing it to be Plaintiff's wine and thereby forego purchase of Plaintiff's BUTTER wine, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

32. Defendant's continued infringing use of the confusingly similar BREAD & BUTTER mark will harm Plaintiff financially by diminishing the value of Plaintiff's BUTTER mark and endangering the ability of Plaintiff's BUTTER mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

33. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using the BREAD & BUTTER mark, wherefore Plaintiff is without adequate remedy at law.

34. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

**FIRST CAUSE OF ACTION**
(Federal Trademark Infringement under 15 U.S.C. §1114)

35. Plaintiff restates and reavers the allegations of Paragraphs 1 through 34, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

36. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or

mistake as to source, sponsorship or approval of Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION
(Federal Unfair Competition under 15 U.S.C. §1125(a))

37. Plaintiff restates and reavers the allegations of Paragraphs 1 through 36, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

38. Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

## THIRD CAUSE OF ACTION
(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

39. Plaintiff restates and reavers the allegations of Paragraphs 1 through 38, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

40. Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FOURTH CAUSE OF ACTION
(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

41. Plaintiff restates and reavers the allegations of Paragraphs 1 through 40, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

42. Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

## FIFTH CAUSE OF ACTION
(Common Law Trademark Infringement)

43. Plaintiff restates and reavers the allegations of Paragraphs 1 through 42, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

44. Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## SIXTH CAUSE OF ACTION
(Common Law Unfair Competition)

45. Plaintiff restates and reavers the allegations of Paragraphs 1 through 44, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

46. Defendant's above-averred actions constitute a false designation of origin in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with it or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the mark BREAD & BUTTER or any term or mark confusingly similar to the BUTTER mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine, or products or services related to wine;

   b. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or

COMPLAINT                                           8

        otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendant or that the goods of Defendant originate with Plaintiff or are likely to lead the trade or public to associate Defendant with Plaintiff;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3. That Defendant, its partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with it or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendant be ordered to recall all infringing wine bearing the BREAD & BUTTER mark in the marketplace from retailers;

5. That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's BUTTER mark, in an amount to be determined at trial;

6. That Plaintiff's damages be trebled and that Defendant be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7. That the Commissioner for Trademarks be ordered by this Court to refuse registration of the mark BREAD & BUTTER by Defendant and that U.S. Application Serial No. 85/856,318 be refused registration;

8. That Plaintiff be awarded punitive damages as a result of Defendant's conduct; and

9. That Plaintiff be granted such other and further relief as this Court shall deem just and proper on the merits.

Dated: December 9, 2013

                              Respectfully submitted,

                              DICKENSON, PEATMAN & FOGARTY

                              By _____
                                 J. Scott Gerien
                                 John N. Heffner

                              1455 First Street, Ste. 301
                              Napa, California 94559
                              Telephone: 707-252-7122
                              Facsimile: 707-255-6876

                              Attorneys for Plaintiff,
                              JaM Cellars, Inc.

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: December 9, 2013

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
John N. Heffner

1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
JaM Cellars, Inc.

COMPLAINT                                11